Samuel B. Kahn, Defendant in Error, v. Fred E. Mc-
Cready, Plaintiff in Error.

Gen. No. 18,230.

1. PRINCIPAL AND AGENT—*actions for compensation.* In an action
by a salesman for commissions, when it is undisputed that he took
orders and that the memoranda thereof were delivered to defend-
ant, the burden of proving non-delivery of the goods and the irre-
sponsibility of the customers is on the principal.

2. EVIDENCE—*presumptions.* In an action by a salesman for
commissions, it will be presumed that a customer secured by such
salesman is responsible, in the absence of evidence to the con-
trary.

3. PRINCIPAL AND AGENT—*when salesman entitled to commis-
sions.* Where plaintiff, a salesman for defendant, who is not a
manufacturer, is by agreement entitled to commissions on deliv-
ery of the goods, he is entitled to his commissions when he has
procured customers ready and willing to purchase on the terms
fixed by defendant and the refusal or inability of defendant to
complete the contract does not affect plaintiff's right.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-
COMER, Judge, presiding. Heard in the Branch Appellate Court at
the March term, 1912. Affirmed. Opinion filed May 9, 1913.

GEORGE R. HARBAUGH, for plaintiff in error.

B. M. SHAFFNER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of
the court.

Samuel B. Kahn, defendant in error, hereinafter
called the plaintiff, recovered a judgment against
Fred E. McCready, plaintiff in error, hereinafter
called the defendant, in the Municipal Court of Chi-
cago for $244.24 for commissions on sales of furniture
on account of the latter by the former.

The questions involved in this case are questions
of fact. The evidence shows that the defendant was
in the commission furniture business and employed

the plaintiff to sell, on commission, lines carried by the defendant. The plaintiff was entitled to receive commissions when goods were delivered. The defendant was not a manufacturer. The orders taken for furniture by the plaintiff were delivered to defendant during December, 1910, and January, February, March and April, 1911, and memoranda were made of such orders by the plaintiff at the time they were received. These original memoranda were offered and received in evidence. The record shows in detail the amount of sales of the various kinds of furniture and the amounts due thereon according to the contract for commissions. No definite or substantial defense was offered to the claim of the plaintiff. The defendant testified that he could not say whether or not the items mentioned in plaintiff's memoranda had been delivered. He claimed that in August, 1911, an agreement to settle was made for the sum of $71.27, as due from the defendant to the plaintiff, but that the plaintiff thereafter repudiated the agreement. He further testified that he had no memoranda with him in court to show the delivery or non-delivery of the goods; that he had no list of the orders in plaintiff's memoranda which had not been delivered. He offered in evidence orders taken by the plaintiff for furniture known as "Lee line," which the defendant swore he could not deliver because he had not the goods. He also testified that he had knowledge of the non-delivery of three items only in plaintiff's memoranda, commissions on which amounted to $18.08, and which sum the court deducted from plaintiff's claim.

The evidence of the plaintiff was to the effect that the reason that no deliveries of the "Lee line" orders were made was because the defendant could not make deliveries, and that he never had a settlement with the defendant and did not check up the amounts with him at any time. This is the substance of the evidence offered on both sides of the case on the trial.

In our opinion the evidence sustains the judgment rendered by the trial court. There was no dispute as to the taking of the orders and delivery of the memoranda thereof to the defendant. The burden of showing non-delivery, the irresponsibility of customers, etc., is on the principal, and the burden is not on the broker to establish the responsibility in the first instance. No evidence on this point was offered by either side. In the absence of evidence to the contrary, the customer will be presumed to be responsible. 4 Amer. & Eng. Ency. of Law, 975. In our opinion the plaintiff was entitled to his commission upon negotiation of the sale of the property when he had procured a customer ready and willing to purchase the property on the terms fixed by the principal, and that the refusal or inability of the defendant in this case, to complete the contract does not affect the right of the plaintiff to his commission.

The judgment is affirmed.

*Affirmed.*